UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

------------------------------------X
LUFTHANSA CARGO AG,                 :
                                    :   Civil Action No. 1:22cv-23574
            Plaintiff,              :
                                    :   **COMPLAINT**
    vs.                             :
                                    :   JURY TRIAL DEMANDED
CARGO TOURS INTERNATIONAL, INC,     :
                                    :
            Defendant.              :
------------------------------------X

Plaintiff Lufthansa Cargo AG ("LCAG"), by and through its attorneys Condon & Forsyth LLP, hereby files this Complaint against Cargo Tours International, Inc. ("Cargo Tours"), and alleges as follows:

## THE PARTIES

1. Plaintiff LCAG is a foreign corporation with its headquarters located at Frankfurt Airport, Frankfurt, Germany 60546 and is also registered to conduct business in Florida. Plaintiff has locations and services customers throughout the State of Florida, and within this Judicial District including specifically at the Miami International Airport.

2. Defendant Cargo Tours, at all times material hereto, was and is an organization existing under the laws of the State of New York, is a foreign profit corporation registered to conduct business in the State of Florida, has a Principal Address located at 3405 NW 115th Avenue, Miami FL 33172, and does business throughout the State of Florida, including but not limited to Miami-Dade County, Florida.

1

**JURISDICTION AND VENUE**

3. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, as there is diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds seventy-five thousand ($75,000) dollars, exclusive of costs, interest, and attorneys' fees.

4. The Court has specific personal jurisdiction over Defendant Cargo Tours because Cargo Tours has sufficient contacts with the State of Florida and breached the subject contracts in the State of Florida.

5. Through its individual contacts, entering into contracts concerning cargo transit in Florida, and generally conducting and doing business within the State of Florida, Cargo Tours is subject to the jurisdiction of the Court as the minimum contacts necessary to be expected to be haled to court in this District have been met.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in Miami, Florida, which is within the judicial district.

**COUNT I**
**BREACH OF CONTRACT**

7. Plaintiff repeats, reiterates, and realleges Paragraphs 1 through 6 as though fully set forth herein.

8. Beginning in August 2020, the parties entered into a series of three Hard Block Agreements ("The Hard Block Agreements").

9. A hard block agreement provides a shipper with guaranteed space on certain of an air carrier's flights at reduced rates.

10. When a shipper and an air carrier are party to a hard block agreement, the air carrier cannot and does not assign the shipper's guaranteed space to any other shipper, even if the shipper does not deliver cargo to the air carrier for delivery.

11. The parties' first Hard Block Agreement was dated August 11, 2020 and was valid between August 17, 2020, and October 24, 2020.

12. The parties' second Hard Block Agreement was dated September 29, 2020, and was valid between October 25, 2020, and December 31, 2020.

13. The parties' third Hard Block Agreement was dated December 10, 2020, and was valid between January 4, 2021, and February 17, 2021.

14. The Hard Block Agreements consisted of a series of three contracts in which Plaintiff agreed to provide set amounts of space on flights for Cargo Tours to utilize per an agreed-upon fee schedule.

15. Pursuant to the Hard Block Agreements, Plaintiff provided Cargo Tours guaranteed, discounted space on certain flights operated by Deutsche Lufthansa AG ("Lufthansa").

16. The Hard Block Agreements provided that Cargo Tours was responsible for payment for use of space on Lufthansa flights regardless of how much space it actually used with pricing based upon chargeable weight.

17. Cargo Tours agreed to follow the terms set out in The Hard Block Agreements and the allotment details and time frames set forth in each respective agreement.

18. Under the terms of The Hard Block Agreements, air-cargo transports would be carried out by Plaintiff with "predetermined volumes, destinations, and prices."

19. Pursuant to the section of the General Terms of The Hard Block Agreements entitled "Performance Standards," Plaintiff agreed "to transport the contracted weight from the fixed places of departure, within the respective timeframes or, in case such are not available to/from the individual destinations, within the time agreed upon."

20. Pursuant to the General Terms of each Hard Block Agreement, "in the case of a change in the contracted tonnages, volumes and/or unit load devices for certain flight events (the change), [Cargo Tours] will immediately notify LCAG of this change… The notification of the change has to be in writing (preferably via email)." Furthermore, "[i]n order to be effective, changes of the HBA require execution in writing and signatures of both parties to the contract."

21. Pursuant to the Hard Block Agreements, Cargo Tours agreed to "comply with weight and volume agreed upon as well as the agreed density or, to the extent that the density has not been explicitly agreed upon, with the density resulting from the agreed weight and volume by way of calculation."

22. Pursuant to the Hard Block Agreements, Cargo Tours was required to make regular payments for the period of time as set forth therein.

23. Between August 2020 and February 2021, Cargo Tours failed to make payments as required by the Hard Block Agreements.

24. Cargo Tours breached the Hard Block Agreement by failing to provide payment in the amount of $10,980.00 for reserved space on a Lufthansa flight under Air Waybill number 020-5791 8103 in August 2020.

25. Cargo Tours breached the Hard Block Agreement by failing to make payment in the amount of $16,740.00 for reserved space on a Lufthansa flight under Air Waybill number 020-5313 5762 in October 2020.

26. Cargo Tours breached the Hard Block Agreement by failing to provide payment in the amount of $16,740.00 for reserved space on a Lufthansa flight under Air Waybill number 020-5313 6661 in November 2020.

27. Cargo Tours breached the Hard Block Agreement by failing to provide payment in the amount of $16,740.00 for reserved space on a Lufthansa flight under Air Waybill number 020-5313 6672 in November 2020.

28. Cargo Tours breached the Hard Block Agreement by failing to provide payment in the amount of $16,740.00 for reserved space on a Lufthansa flight under Air Waybill number 020-6106 0020 in December 2020.

29. Cargo Tours breached the Hard Block Agreement by failing to provide payment in the amount of $11,160 for reserved space on a Lufthansa flight under Air Waybill 020-6106 0005 in January 2021.

30. Cargo Tours breached the Hard Block Agreement by failing to provide payment in the amount of $11,160.00 for reserved space on a Lufthansa flight under Air Waybill number 020-6136 1506 in February 2021.

31. Under the terms of The Hard Block Agreements, Defendant was obligated to pay Plaintiff for the reserved space on Lufthansa flights.

32. Plaintiff performed all conditions precedent as required under The Hard Block Agreements, except for any duties it was excused from performing.

33. Defendant owes Plaintiff payment based on Plaintiff's performance of the contracts, and Defendant is not excused from its duties. Plaintiff submitted its invoices to Defendant for services rendered between August 2020 and February 2021.

34. Plaintiff has made several demands including numerous phone calls and sent several letters to Defendant about the outstanding payments.

35. Defendant has continually refused to make the payments under the contract terms.

36. As a direct and proximate result of Defendant's breach of contract, Plaintiff has suffered and will continue to suffer contractual damages, lost profits, and other damages in that Plaintiff turned away other cargo under the impression that its flights were full based on the terms of the Hard Block Agreements.

37. By reason of the facts and circumstances above, Plaintiff has been damaged by Defendant in the sum of $100,260.00, together with any other relief the Court finds to be just and proper.

## COUNT II
## BREACH OF CONTRACT

38. Plaintiff repeats, reiterates, and realleges Paragraphs 1 through 6 as though fully set forth herein.

39. On February 15, 2021, the parties entered into a Single Capacity Agreement, pursuant to which Plaintiff agreed to transport a consignment on behalf of Cargo Tours on February 17, 2021.

40. Pursuant to the terms of the Single Capacity Agreement, Plaintiff agreed to transport a consignment from Miami, Florida, to Shanghai, China, on Lufthansa flights LH 463 and LH 8400, under Air Waybill 020-6136 1440.

41. Pursuant to the terms of the Single Capacity Agreement, Defendant was required to make payment to Plaintiff in the amount of $20,520.

42. Plaintiff performed all conditions precedent as required under the Single Capacity Agreement, except for any duties it was excused from performing.

43.     Defendant owes Plaintiff payment based on Plaintiff's performance of the Single Capacity Agreement, and Defendant is not excused from its duties.  Plaintiff submitted its invoices to Defendant for services rendered.

44.     Plaintiff has made several demands including numerous phone calls and sent several letters to Defendant about the outstanding payments.

45.     Defendant has continually refused to make the payments under the contract terms.

46.     As a direct and proximate result of Defendant's breach of contract, Plaintiff has suffered and will continue to suffer contractual damages, lost profits, and other damages.

47.     By reason of the facts and circumstances above, Plaintiff has been damaged by Defendant in the sum of $20,520, together with any other relief the Court finds to be just and proper.

WHEREFORE, Plaintiff respectfully asks this Court to enter judgment against Cargo Tours and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with Cargo Tours for the breach of the contract as alleged including attorney's fees and court costs.

## JURY DEMAND

Plaintiff demands trial by jury on all issues in this matter.


Dated: November 2, 2022

Respectfully submitted,

**CONDON & FORSYTH, LLP**

By: */s/ Lisa B. Heller*
Lisa B. Heller, Esq.
Florida Bar No. 96658
701 Brickell Avenue, Suite 1550

Miami, Florida 33131
Tel: (305) 492-7303
Fax: (212) 370-4453
Email: lheller@condonlaw.com

- and -

**CONDON & FORSYTH, LLP**
Anthony U. Battista, Esq.
*(pro hac vice pending)*
7 Times Square Tower
New York, New York 10036
Tel: (212) 490-9100
Fax: (212) 370-4453
Email: abattista@condonlaw.com

Attorneys for Plaintiff
LUFTHANSA CARGO AG